IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD B. BAYSON,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHEAST COMMUNITY COLLEGE, et al.,<br><br>Defendants. | 8:26-CV-112<br><br>ORDER |

The plaintiff has filed a motion for leave to supplement his complaint pursuant to Fed. R. Civ. P. 15(d). Filing 35. The Court will deny the motion.

Whether to permit a supplemental pleading is entrusted to the Court's sound discretion. *U.S. ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 (8th Cir. 2003); *Minn. Min. & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). And because Rule 15(d) is discretionary, it requires more to compel acceptance than the fact that the pleading sought to be added states a claim. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

It is also important to note the difference between amended and supplemental pleadings. An amended pleading pursuant to Rule 15(a) is designed to include matters occurring before the filing of the previous pleading but either overlooked or not known at the time. *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (citing *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D. Mo. 1939); *Randolph v. Mo.-Kan.-Tex. R.R. Co.*, 78 F. Supp. 727 (W.D. Mo. 1948)); *see also Kinney*, 327 F.3d at 673. A supplemental pleading pursuant to Rule 15(d), however, is designed to cover matters subsequently occurring but pertaining to the original cause. *See id.* The supplemental pleading must be based upon the same cause of action as the original complaint and cannot be used for the purpose of trying a new matter or a new cause of

action. *Berssenbrugge*, 30 F. Supp. at 101-02; *accord Randolph*, 78 F. Supp. at 729; *see Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226-27 (1964); *cf. Voraceck*, 563 F.2d at 886.[1]

A supplemental complaint is not appropriate here. The supposed "post-complaint events" the plaintiff identifies in his reply brief (filing 37) are the service of the defendants' Fed. R. Civ. P. 11 motion for sanctions (filing 27) and the "safe harbor" letter suggested by the advisory committee's note to that rule. *See generally Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102 (8th Cir. 2024). The defendants did nothing wrong by providing the plaintiff with the opportunity to withdraw his allegedly frivolous claims, as contemplated by Rule 11(c)(2). Nor is there any reason for a supplemental pleading to allege events that are already part of the record. Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to file a supplemental pleading under Rule 15(d) is denied.

Dated this 23rd day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The Court is aware that in other circuits, the rule is now that new claims may be raised in a supplemental complaint "to promote the economical and speedy disposition of the controversy." *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (collecting cases). But while that appears to be the modern trend, *see generally* 6A Wright & Miller's Federal Practice & Procedure § 1506 (3d ed. Supp. 2026), it doesn't seem to have made its way to the Eighth Circuit yet. Even were new claims permitted in supplemental pleadings, however, the Court would deny the plaintiff's motion.