IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD B. BAYSON,

Plaintiff,

vs.

SOUTHEAST COMMUNITY COLLEGE, et al.,

Defendants.

8:26-CV-112

MEMORANDUM AND ORDER

The plaintiff, Richard B. Bayson, is again suing the defendants, Southeast Community College (SCC), Todd Klopfenstein, Kristen Lewis, and Angela Poppenhagen, for alleged claims arising out of the grievance process for his failing grades that prevented him from progressing in the Respiratory Care program at SCC. Filing 16 at 2.[1] The defendants move to dismiss the complaint for failure to state a claim upon which relief could be granted, as the plaintiff has already twice sued the defendants in this Court over these same allegations. Filing 23. *See* case no. 8:25-cv-575 filing 49; case no. 8:26-cv-56 filing 36. And the Court has already dismissed those claims twice—once on the merits, and once based on res judicata. *Bayson v. Se. Cmty. Coll.*, No. 8:25-CV-575, 2025 WL 3707275 (D. Neb. Dec. 22, 2025), *appeal dismissed*, No. 26-1081

[1] Reviewing this pro se plaintiff's amended pleading (filing 16), the Court will consider the amended complaint as superseding the original pleading (filing 1), as the amended complaint specifically states that it supersedes the prior complaint. Filing 16 at 3; NECivR 15.1(b). The default rule is that once an amended pleading is accepted, "the original pleading no longer performs any function in the case." *Certain Underwriters at Lloyd's v. S. Pride Trucking, Inc.*, 331 F. Supp. 3d 956, 975–76 (D. Neb. 2018).

(8th Cir. Jan. 22, 2026); *Bayson v. Se. Cmty. Coll.*, No. 8:26-CV-56 (D. Neb. Sept. 15), *aff'd*, No. 26-2879 (8th Cir. Oct. 6, 2026). The Court will grant the defendants' motion in this case as well, because the plaintiff's complaint is plainly barred by res judicata.

## BACKGROUND

The plaintiff is a former student at SCC, in the Respiratory Care program, starting in fall 2023.[2] Filing 16 at 2. The defendants are SCC and instructors at SCC in the Respiratory Care program. Filing 16 at 2. Filing 16 at 2. The Court takes judicial notice of the plaintiff's previous two lawsuits against the defendants (case no. 8:25-cv-575, case no. 8:26-cv-56) that were dismissed by the Court to fill in the rest of the story omitted from the plaintiff's amended complaint. *Kern v. Tri-State Ins. Co.*, 386 F.2d 754, 756 (8th Cir. 1967); *see also* *Duhamel Broad. Enters. v. Markel Am. Ins.*, No. 8:06-CV-357, 2006 WL 3591314, at *2 (D. Neb. Dec. 11, 2006).

The plaintiff failed classes in Respiratory Care Principles and Respiratory Care Procedures in fall 2023. Case no. 8:25-cv-575 filing 7 at 11. He alleges that SCC permitted and Kristen Lewis, an instructor, used a grading practice referred to as "fudge points" in a way that raised other students' grades but lowered his. Case no. 8:25-cv-575 filing 49 at 3; filing 26 at 12. The plaintiff complains that this practice "was arbitrary and lacked

---

[2] The plaintiff was also a student in the Practical Nursing (LPN) program at SCC in 2024-25 and sued the defendants for allegations related to his failure to progress in that program as well. *See* case no. 8:25-cv-575 filing 49; case no. 8:26-cv-56 filing 36. This case, no. 8:26-cv-112, deals with his 2023 removal from the Respiratory Care program, while the other lawsuit, case no. 8:26-cv-56, concerns his 2025-26 removal from the SCC LPN program. *See* case no. 8:26-cv-56 filing 11; case no. 8:26-cv-112 filing 12.

procedural safeguards." Filing 26 at 12. The plaintiff alleges that he "verbally questioned grading decisions and raised concerns directly with the Respiratory Therapy instructors" about the evaluation methods. Filing 16 at 2. Yet, he alleges Todd Klopfenstein, program director, and Angela Poppenhagen, another instructor, never informed the plaintiff of the mandatory grievance procedures and instead deferred to Lewis's grading decisions. Case no. 8:25-cv-575 filing 49 at 3-4; filing 26 at 14. Consequently, the plaintiff claims that without this knowledge the defendants were allegedly duty-bound to inform him of, he was unable to "access[] the procedural protections designed to safeguard his constitutional rights." Filing 26 at 17.

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id.* at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Rule 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

DISCUSSION

The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court agrees. The plaintiff's claims are precluded by res judicata and thus his complaint will be dismissed.

Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). The law of the forum that rendered the first judgment controls the res judicata analysis. *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008). The first judgment was rendered by a federal court, this Court, on claims arising under federal law. Case no. 8:25-cv-575 Filing 49. Consequently, federal common law controls the preclusive effect of the federal court judgment. *Taylor v. Sturgell*, 553 U.S. 880,

891 (2008); *Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1121 (8th Cir. 2023).

For res judicata to apply, there must be: (1) a final judgment on the merits that is, (2) based on proper jurisdiction, (3) between the same parties or their privies, and (4) based on the same claims or causes of action. *Carlisle Power Transmission Prods., Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, Loc. Union No. 662*, 725 F.3d 864, 867 (8th Cir. 2013) (citing *Wintermute v. Kan. Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011)); *see also Wedow v. City of Kan. City*, 442 F.3d 661, 669 (8th Cir. 2006). To determine whether element (4) based on the same claims or causes of action is met, the Eighth Circuit has adopted the position of the Restatement (Second) of Judgments. *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). After a valid, final judgment has been entered, "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments § 24 (A.L.I. 1982). Consequently, claim preclusion bars any suit arising out of the same nucleus of operative facts as the prior suit. *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990).

For purposes of res judicata, a cause of action is comprised of the facts that establish the right a party seeks to enforce through litigation. *Midcontinent Broad. Co. v. Dresser Indus., Inc.*, 669 F.2d 564, 566 (8th Cir. 1982). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Banks*, 390 F.3d at 1052; *see also Brownback v. King*, 592 U.S. 209, 215 n.3 (2021). Res judicata rests on the necessity to terminate litigation and the

defendants' interest in avoiding the burdens of twice defending a suit. *Wedow*, 442 F.3d at 669; *Taylor*, 553 U.S. at 892. The doctrine is also based on the avoidance of unnecessary judicial waste. *Arizona v. California*, 530 U.S. 392, 412 (2000); *see Hanig v. City of Winner, S.D.*, 527 F.3d 674, 678 (8th Cir. 2008); *see also Herrera v. Wyoming*, 139 S. Ct. 1686, 1701 n.5 (2019). Accordingly, the judgment in a former action between the same parties is final as to every issue which could have been decided in that action. *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982).

Res judicata bars the plaintiff's lawsuit because the gist of the plaintiff's 2025 lawsuit and the current one is that the defendants' conduct leading up to his failing grades in the Respiratory Care program violated his constitutional rights to due process and free speech. First, there was a final judgment on the merits of the plaintiff's 2025 lawsuit because the Court granted the defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Case no. 8:25-cv-575 filing 49 at 1. Second, the Court had federal question jurisdiction to render the judgment under 28 U.S.C. § 1331. Case no. 8:25-cv-575 filing 49 at 6. Third, the former lawsuit and the current one are between the same parties. Case no. 8:25-cv-575 filing 49 at 3.

Finally, because the plaintiff's allegations arise out of the same nucleus of operative facts as the prior claim in case no. 8:25-cv-575, the lawsuits are based on the same causes of action. As was explained in the Court's ruling in case no. 8:26-cv-56 earlier this fall, both lawsuits are based on the plaintiff's failing grades and the series of events precipitating his withdrawal from his SCC courses. Case no. 8:26-cv-56 filing 36 at 6-8. Even though the plaintiff claims that this action relies on new facts that occurred after his prior lawsuit, the Court relayed and relied on the same facts underlying all of the plaintiff's litigation in its first dismissal order. Filing 26 at 3; case no. 8:25-cv-575 filing

49 at 2-3. While much analysis in the Court's dismissal was spent on the plaintiff's time in the LPN program, his complaint started with his grievances about the Respiratory Care program, included his transcript of failing grades in the Respiratory Care Principles and Respiratory Care Procedures courses in fall 2023, and specifically complained about the "fudge points" used and condoned by the defendants. Case no. 8:25-cv-575 filing 7 at 6, 7, and 11. There are no "new" facts between his first complaint in 2025 and the operative pleading in this case. Thus, this lawsuit is based on the same claims arising out of the same nucleus of operative facts as the previous one. The plaintiff's argument remains without merit.

Since res judicata bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action, the plaintiff's complaint is dismissed. *See Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015). The operative facts are the same between the 2025 case and this case, regardless of any new legal theories, allegations of new facts, or revised descriptions of information that the plaintiff relies on in this case. *See Poe*, 695 F.2d at 1105. Every issue and theory that could have been raised by the plaintiff in his first action should have been. In sum, all the elements of res judicata are satisfied here. The former judgment was (1) a final judgment on the merits, (2) based on proper jurisdiction, (3) between the same parties, and (4) based on the same claims arising out of the same nucleus of operative facts. The Court grants the motion to dismiss for failure to state a claim based on res judicata.

## RULE 11 SANCTIONS

The defendants also move for sanctions under Fed. R. Civ. P. 11 to recover attorney fees and prevent the plaintiff from filing further pro se actions related to his failing grades at SCC. Filing 27. The primary purpose of Rule 11

sanctions is to deter attorney and litigant misconduct. *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994); *see Cooter v. Gell & Hartmarx Corp.*, 496 U.S. 384, 392-93 (1990). Sanctions may be warranted when a pleading is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; contains allegations or factual contentions that lack evidentiary support; or contains denials of factual contentions that are not warranted on the evidence. *See* Rule 11(b); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). And in determining whether a pleading was frivolous, groundless, or advanced for an improper purpose, the Court must apply a standard of objective reasonableness. *Pulaski Cty. Republican Comm. v. Pulaski Cty. Bd. of Election Comm'rs*, 956 F.2d 172, 173 (8th Cir. 1992).

*Pro se* complaints are to be read liberally, but they still may be frivolous if filed in the face of a previous dismissal involving the exact same parties under the same legal theories. *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). Even if the plaintiff is acting in subjective good faith, that does not objectively excuse his actions. *Id*. And sanctions have been repeatedly approved when plaintiffs attempt to evade the clear preclusive effect of earlier judgments. *Meyer v. U.S. Bank Nat. Ass'n*, 792 F.3d 923, 927 (8th Cir. 2015).

The Court is nonetheless unpersuaded at this point that sanctions are warranted. The plaintiff brought an action, the Court dismissed his claims, and he tried to re-file his claims in two separate lawsuits, including the present case, although his reliance on the same facts results in his claims being precluded regardless. The Court has already warned the plaintiff "that his continued, constant filing of meritless motions may result in the Court imposing sanctions[,]" and "that repeatedly filing the same motions is particularly frivolous." Filing 42 at 1; filing 54 at 2. The Court cannot repeat

its warning about litigant misconduct more emphatically. *See* filing 54 at 2. But should the plaintiff not take the hint, the Court will not hesitate to impose filing restrictions or sanctions if the plaintiff files another related lawsuit to pursue his meritless claims. There will be no more warnings for frivolous filings.

## CONCLUSION

The plaintiff's action against the defendants is precluded by a prior judgment. Accordingly,

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 23) is granted.

2. The plaintiff's complaint is dismissed with prejudice.

3. The defendants' motion for sanctions (filing 27) is denied.

4. A separate judgment will be entered.

Dated this 23th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge